```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE SERENGETI TRADING COMPANY, L.P,

                          Plaintiff,
                                                              ORDER
              -against-
                                                              24-CV-05544 (PMH)
EMPIRE COFFEE COMPANY, INC,

                          Defendant.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

      Counsel for all parties appeared by telephone today for an initial conference. After hearing from the parties, for the reasons stated and as discussed on the record, the Court granted Michael P. Richter's motion to withdraw as counsel for Defendant Empire Coffee Company, Inc.

      A corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear *pro se*. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22–23 (2d Cir. 1983). This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). "[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P." *Id.* (internal quotation marks and alterations omitted).

      Defendant Empire Coffee Company, Inc must obtain representation through a licensed attorney to appear in this case and the failure to do so may constitute grounds for entry of default judgment under Federal Rule of Civil Procedure 55. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *Grace*, 443 F.3d at 192; *Eagle Associates v. Bank of Montreal*, 925 F.2d 1305, 1310 (2d Cir. 1991).

Defendant shall have thirty days (30) from this Order to obtain new counsel. In the event that Defendant fails to obtain new counsel within thirty days (30) of the date of this Order, Defendant shall be deemed in default. In that event, Plaintiff may proceed to obtain a Clerk's Certificate of Default.

Mr. Richter is directed to provide Defendant a copy of this Order and file proof of service thereof.

The Civil Case Discovery Plan and Scheduling Order will be separately docketed.

The Clerk of Court is respectfully directed to terminate Michael P. Richter's appearance as counsel in this action.

Dated:  White Plains, New York  
       October 15, 2024

SO ORDERED:

_____  
Philip M. Halpern  
United States District Judge