UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
THE SERENGETI TRADING COMPANY, L.P., : Civil Action No.: 7:24-cv-05544-PMH
:
Plaintiff, :
: **AFFIRMATION IN SUPPORT OF**
-v- : **PLAINTIFF'S APPLICATION**
: <u>**FOR A DEFAULT JUDGMENT**</u>
EMPIRE COFFEE COMPANY, INC. :
:
Defendant. :
------------------------------------------------------------------ X

      Mark R. Kook, the principal of the Law Office of Mark R. Kook, attorneys for Plaintiff, The Serengeti Trading Company, L.P., respectfully submits this Affirmation, as directed by the Court's Order and Local Rules, and F.R.C.P. 55 in support of Plaintiff's Application, by Order to Show Cause, for entry of a Default Judgment against Defendant Empire Coffee Company, Inc.

    1.    I am the attorney for the Plaintiff in this action.

    2.    On July 23, 2024, Plaintiff commenced this action pursuant to 28 U.S.C. § 1332(a), by filing its Complaint.  (<u>See</u> E-File Docket No. 1.)  (A copy of the Complaint is submitted herewith as Exhibit 1.)

    3.    The Complaint sets forth specific breach of contract and account stated claims, seeking a sum certain of, $596,303.40, as is set forth in the Schedule of Invoices set forth in Exhibit 1 to the Complaint, which is based on the Invoices attached hereto as Exhibit 2.  The facts of these contract transactions, and the sum certain, of outstanding and non-paid amount, of $596,307.40 are also set out in the accompanying Declaration of Jeff Whitmire, Plaintiff's president.

    4.    On July 29, 2024, Defendant, a New York corporation, was served with the Summons and Complaint, by personal service and upon the New York Secretary of State. (Docket Nos. 13 and 14.)

1

5. On August 8, 2024, Michael P. Richter, Esq. filed a Notice of Appearance for Defendant. (Docket Nos. 9-10.)

6. On August 12, 2024, Defendant's counsel requested an extension of time to respond to which I consented. (Docket No. 10.)

7. On September 6, 2024, Defendant filed its Answer. (See Docket No. 6.)

8. On September 17, 2024, I e-filed a letter to the Court, in accordance with the Court's Rules, regarding an Initial Conference to be scheduled. (Docket No. 15.)

9. On September 20, 2024, the Court scheduled an Initial Conference to be held by telephone on October 15, 2024. (Docket No. 16.)

10. On October 9, 2024, Defendants counsel, Michael P. Richter, e-filed a letter stating that his client would not pay him and that he was withdrawing Defendant's counsel from the case. (Docket No. 17.)

11. On October 9, 2024, I filed a letter in response to Mr. Richter's letter. (Docket No. 18.) I stated as follows:

> I called Defendant's counsel at that time today. Mr. Richter then advised that Defendant, his client, had stopped paying him and no longer wanted his services. Mr. Richter also advised that Defendant stated that he should not represent Defendant in Court. (In this regard, the Court should note that counsel's father either was, and/or continues to be the president or otherwise manager of Defendant.)
>
> Mr. Richter also stated that the Court could enter my proposed Plan and Order and/or enter a Default Judgment. I responded that Plaintiff intended to raise the issue of a dismissal, or a Motion for Summary Judgment, based on Defendant's not denying and rather referring to the content of the documents referred in the Complaint here – including the parties' underlying agreement, and Defendant's orders for, and invoices for, Plaintiff's coffee beans. (See Answer Pars. 1, 2, 3, 4, 18, and 25.)
>
> I sent Defendant's counsel a draft of this letter at about 8pm tonight. Rather than call me, he sent a letter to the Court at 8:26pm, stating he was "terminated" and was "withdraw[ing]."

2

12. On October 10, 2024, the Court issued an Order denying Mr. Richter's application to withdraw because Mr. Richter failed to comply with Local Rule 1.4. (Docket No. 19.)

13. On October 11, 2024, Mr. Richter e-filed a Withdrawal in accordance with Local Rules 1.4. (Docket No. 20.)

14. On October 15, 2024, Judge Philip M. Halpern held the scheduled telephone Initial Conference. As Judge Halpern stated at the Conference, the Court issued an Order granting Mr. Richter's Motion to Withdraw, and directing:

> In the event that Defendant fails to obtain new counsel within thirty days (30) of the date of this Order, **Defendant shall be deemed in default. In that event, Plaintiff may proceed to obtain a Clerk's Certificate of Default.**

--Emphasis added.

15. Over thirty days have passed since the date of the Order, and Defendant has not retained new counsel. On November 27, 2024, Plaintiff obtained a Clerk's Certificate of Default. (Docket. No. 29.)

16. Plaintiff respectfully submits that this is a simple breach of contract for a sum certain on the amount of $596,363.40. Indeed, in its bare Answer, Defendant just gave a simple, unadorned denial, but added that as for the parties' contract, invoices, orders, and all other documents, Defendants stated only that it "refers to any such contract [or any other document] for the full contents". (See Answer ¶¶ 2, 3, 4; and Marked Complaint, submitted with Plaintiff's letter request, on September 17, 2024, for an Initial Conference; Docket No. 15.)

17. Exhibit 3 hereto are true copies of Invoices for the Filing Fee of $402, and Fee and Service of Process of $316, for a total costs of $818.00

18. The Summons and Amended Complaint were served on Defendant, a New York Company, upon the NY Secretary of State. Defendant also has a place of business in Port Chester,

New York, where personal service was effected. However, Defendant's attorney, Michael Richter has stated to the Court that the Defendant (which was managed by Mr. Richter's father, was selling its assets. Accordingly, service of this Order to Show Cause for a Default Judgment should be made pursuant to Local Civil Rules 7.1 and 55.2, by mail upon Defendant by overnight courier to (i) the New York Secretary of State and, in addition (ii) to the offices of Defendant, at its principal office and place of business in New York at Port Chester, NY 11205.

19. Defendant is a New York corporation and, accordingly, the military service statement is not applicable.

20. In addition, for purposes of Diversity, Plaintiff is a Texas corporation.

Proposed Default Judgment

21. Plaintiff is filing herewith a Proposed Default Judgment. (See Exhibit 4.) Based on the evidentiary and documentary evidence presented by Plaintiff upon this application, I respectfully submit that the Court should direct entry of the Default Judgment without the necessity of an inquest. Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) ("While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory.")

22. Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Plaintiff respectfully states that is a simple breach of contract (or account stated) case for the sum of certain of $596,303.40. (See Fisher v. Leg Resource, Inc., 2028 U.S. Dist. LEXIS 80070 * 4-9 (S.D.N.Y. May 7, 2018); (R.J. Kitchen Assocs. v. Skalski, 2019 U.S. Dist. LEXIS 31551, * 18-20 (E.D.N.Y. Feb.25, 2019.)

WHEREFORE, based in the foregoing and all other papers submitted herewith, it is respectfully submitted on behalf of Plaintiff The Serengeti Trading Company, L.P., that a Default Judgment in the amount of $596,303.40, plus accruing post-judgment interest, should be issued to Plaintiff as against Defendant Empire Coffee Company, Inc., that the default of Defendant Empire Coffee Company, Inc. be noted and a Judgment of Default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, and review of the documents cited herein, that the amount claimed is justly due to plaintiff, and that no part thereof has been paid.

Dated: December 9, 2024

LAW OFFICE OF MARK R. KOOK

By: _____
Mark R. Kook
Two Park Avenue, 20th Floor
New York, NY 10016
Tel.: (917) 673-9869
mkook@kooklaw.com
Attorneys for Plaintiff
